4:04-cv-569

IN THE IOWA DISTRICT COURT FOR POLK COUNTY, IOWA

FILED
SECRETARY OF STATE
SEP 28   9 00 AM '04

| HELLENE SNYDER, | |
|---|---|
| Plaintiff, | LAW NO. CL 96894 |
| -vs- | |
| KAZ, INC., | ORIGINAL NOTICE - 60 DAYS |
| Defendant. | |

TO:   ABOVE-NAMED DEFENDANTS:

You are hereby notified that a Petition at Law has been filed in the office of the Clerk of this Court naming you as defendant in this action. A copy of the Petition filed with it) are attached to this Notice. The Attorney for the Petitioner Donald G. Beattie, Beattie Law Firm, 4300 Grand Ave., Des Moines, IA 50312. The attorney's phone number (515) 263-1000; facsimile number (515) 263-1411.

You must serve a motion or answer within 60 days after service of this original notice upon the Secretary of State, State of Iowa, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, Iowa, at the county courthouse located in Des Moines, Iowa 50309. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at _____. If you are hearing impaired, call Relay Iowa at 1-800-735-2942.

CLERK OF COURT
POLK COUNTY COURTHOUSE
Des Moines, Iowa. 50309

**IMPORTANT**

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| HELLENE SNYDER,<br><br>　　Plaintiff,<br><br>-vs-<br><br>KAZ,, INC.,<br><br>　　Defendant. | FILED<br>SECRETARY OF STATE<br>SEP 28　9 00 AM '04<br><br>LAW NO. 96894<br><br>PETITION AT LAW and<br>JURY DEMAND |

COMES NOW, the Plaintiff, Hellene Synder and in support of her cause of action against the Defendant, states to the Court as follows:

## DIVISION I - GENERAL INFORMATION

1) That at all times material Plaintiff, Hellene Synder, was a citizen and resident of Polk County, Iowa.

2) That Plaintiff was injured in Polk County, Iowa.

3) That at all times material hereto, Defendant, Kaz,, Inc., was a foreign corporation doing business in Polk County, Iowa and will be served with notice of this action.

4) That this Court has subject matter jurisdiction; is a proper venue and this case exceeds jurisdictional minimums.

## DIVISION II - (NEGLIGENCE)

5) On or about March 4, 2004, Plaintiff, Hellene Synder purchased a portable heating pad manufactured by Defendant, Kaz,, Inc.

6) That said heating pad was purchased at retailer Walmart Inc., in Polk County, Iowa.

7) That Plaintiff, Hellene Synder was seriously and grievously injured using said product.

8) That Defendant, Kaz,, Inc. was negligent in one or more of the following particulars, to wit:

    a. In failing to adequately and reasonably warn users of the extreme heat Defendant's product produces.

    b. In failing to adequately and reasonably warn of hazards of said heating pad.

    c. In producing a product which by design is manufactured to be used on human skin, but having that product capable of causing severe burns when used as instructed.

    d. In defectively designing said product.

    e. In defectively manufacturing said product.

9) That as a direct and proximate cause of the negligence of the Defendant as heretofore set out, the Plaintiff heretofore mentioned and has sustained the following injuries and damages including, but not limited to:

    a. Past, present and future medical and hospital care and treatment.

    b. Past, present and future permanent disability.

    c. Past, present and future permanent disfigurement.

    d. Past, present and future physical and mental pain and suffering and an inability to lead a normal life and psychological injuries.

    e. Past, present and future loss of enjoyment of life.

    f. Past, present and future loss of earnings and earning capacity.

10) That as a direct and proximate cause of the negligence of the Defendant, the Plaintiff herein has sustained damages and is entitled to just, reasonable and adequate compensation therefore.

WHEREFORE, the Plaintiff, Hellene Snyder, prays for judgment against the Defendant in an amount that is just, reasonable and adequate compensation together with interest as by law allowed and the costs of this action.

## Division III – Breach of Express and/or Implied Warranty

COMES NOW, the Plaintiff, Hellene Synder and in support of her cause of action against Defendant, states to the Court as follows:

11) Plaintiff repleads and realleges the allegations of paragraphs 1 through 10, and each subparagraph herein and by this reference incorporated said paragraphs herein as though fully set out.

12) That Defendant, Kaz, Inc., expressed and/or impliedly warranted that its heating pad was safe to use by consumers.

13) That Defendant, Kaz, Inc., expressed and/or impliedly warranted that its heating pad would not cause severe burns.

14) That Defendant, Kaz, Inc., breached the express and/or implied warranties.

15) That as a direct and proximate cause of the breach of

expressed and/or implied warranties by the Defendant, Kaz, Inc., as heretofore set out, Plaintiff herein has sustained the heretofore set out injuries and damages.

16) That as a direct and proximate cause of the breach of the expressed and implied warranties by the Defendant, the Plaintiff has sustained damages and is entitled to just, reasonable and adequate compensation therefore.

WHEREFORE, the Plaintiff herein prays for judgment against the Defendant in an amount that is just, reasonable and adequate compensation together with interest as by law allowed and the costs of this action.

## Division IV - (Strict Liability)

COMES NOW, the Plaintiff, Hellene Synder and in support of her cause of action against the Defendant, states to the Court as follows:

17) Plaintiff repleads and realleges the allegations of paragraphs 1 through 10 of Division I and paragraphs 11 through 16 of Division II, and each subparagraph herein and by this reference incorporated said paragraphs herein as though fully set out.

18) That Defendant, Kaz, Inc. is strictly liable.

19) That Defenant, Kaz, Inc.'s heating pad which injured Plaintiff is defective.

10/06/2004 08:38 FAX 2126030243          TANENBAUM-HARBER CLAIMS                    ☒010

20) That said heating pad was defective and dangerous when Defendant, Kaz, Inc. distributed the product for sale to Plaintiff.

21) That Defendant, Kaz, had actual or constructive knowledge of its product defective and ultimately dangerous condition.

22) That the defective condition of the Defendant's product as heretofore set out was a proximate cause of the injuries and damages to the Plaintiff.

23) That as a direct and proximate cause of the defective condition of the product as heretofore set out, the Plaintiff sustained the heretofore set out injuries and damages.

24) That as a direct and proximate cause of the defects as set out herein the Plaintiff has sustained damages and injuries and is entitled to just, reasonable and adequate compensation therefore.

WHEREFORE, the Plaintiff herein prays for judgment against the Defendant, Kaz, Inc. in an amount that is just, reasonable and adequate compensation together with interest as by law allowed and the costs of this action.

### JURY DEMAND

COMES NOW, the Plaintiff and hereby requests trial by jury of all issues in the above-stated matter.

BEATTIE LAW FIRM, P.C.

By *Donald D Beattie*
Donald G. Beattie (PK1000042)
4300 Grand Ave.
Des Moines IA  50312
Phone:  (515) 263-1000
FAX:    (515) 263-1411

Attorney for Plaintiff

5

# NYEMASTER, GOODE, WEST, HANSELL & O'BRIEN

700 Walnut, Suite 1600
Des Moines, IA 50309
515/283-3100
**FAX: 515/283-8045**
October 29, 2004

| HARD COPY WILL **NOT** FOLLOW |

TO: Linda             (515) 284-6418

FROM: Mark A. Schultheis
       Direct phone: 515/283-3117     Fax: 515/283-8045

RE: Hellene Snyder v. KAZ., INC.

DOCUMENT BEING TRANSMITTED: Original Notice and Petition

NUMBER OF PAGES BEING TRANSMITTED, <u>INCLUDING COVER SHEET</u>: 7

MESSAGE: Please call Meagan – 515-283-8047 to discuss the Answer in this case. Thank you.

If you have trouble with this transmission, or do not receive all of the pages, please contact:
<u>Meagan Dykstra (515/283-8047)</u>

**THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.**

If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original communication to us at the above address via the U. S. Postal Service at our expense. Thank you.